UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOTSPOT THERAPEUTICS, INC., <br> Plaintiff, <br> v. <br> NURIX THERAPEUTICS, INC., <br> Defendant. | Case No. 22-cv-04109-TSH <br><br> **DISCOVERY ORDER** <br> Re: Dkt. No. 66 |

The parties have a dispute over a proposed protective order. ECF No. 66. HotSpot wants the protective order to include the following sentence: "CONFIDENTIAL Information shall include information disclosed, transferred, or made available by one Party to the other during the term of the Collaboration and Materials Transfer Agreement, dated September 17, 2015, as amended on November 8, 2016 (the 'Collaboration Agreement')." However, the Court agrees with Nurix that this categorical rule doesn't make sense. Just because a document was disclosed to somebody at HotSpot pursuant to the Collaboration Agreement doesn't mean it was disclosed to every person who would be entitled to see confidential information under the protective order.

HotSpot also argues that its employees need to be able to review Nurix's alleged trade secrets in order to litigate the case effectively. But that is a separate issue. If HotSpot believes that Nurix has improperly designated documents as highly confidential, it can challenge that designation. HotSpot is also free to seek modification of the protective order to allow certain employees to review Nurix's claimed trade secrets. *See, e.g., Wisk Aero LLC v. Archer Aviation Inc.*, 2022 WL 3754521, *4 (N.D. Cal. Aug. 30, 2022), *objections overruled*, 2022 WL 6251010 (N.D. Cal. Sept. 16, 2022). However, HotSpot has not made the case that everything exchanged under the Collaboration Agreement, no matter what it is, can never be designated highly

confidential.

If the parties are now able to stipulate to the entry of a protective order in light of this guidance, they should promptly do so. If they are not (for example, if HotSpot wants to preserve this issue for appeal for some reason), then Nurix should file a proposed protective order that is modified to reflect that it is not stipulated to.

Lastly, Nurix's section of the letter brief contains a section arguing that "The Prosecution Bar Issue Should be Resolved." However, the beginning of the joint letter brief states that the parties have "one" dispute over an otherwise agreed protective order, HotSpot's section of the letter brief does not refer to any disagreement about the prosecution bar, and Exhibit A to the letter brief shows competing language only in paragraph 2.2. If there is a dispute about the prosecution bar, the Court orders the parties to file a joint discovery letter brief setting forth both sides' views.

**IT IS SO ORDERED.**

Dated: March 1, 2023

_____
THOMAS S. HIXSON
United States Magistrate Judge