UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOTSPOT THERAPEUTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NURIX THERAPEUTICS, INC., <br><br> Defendant. | Case No. 22-cv-04109-TSH <br><br> **PUBLIC REDACTED VERSION OF SEPTEMBER 15, 2023 DISCOVERY ORDER** <br><br> Re: Dkt. No. 116 |

The Court held a hearing today concerning the parties' joint discovery letter brief at ECF No. 116. The Court now rules as follows:

<u>Interrogatory No. 16.</u>  The Court **GRANTS** HotSpot's motion to compel.  As to relevance, HotSpot argues that its right to use the [REDACTED] outside of [REDACTED].  Nurix disagrees, observing that [REDACTED].  The Court is unwilling to decide what could be an important dispute over contract interpretation on a discovery motion and without evidence or testimony.  Accordingly, the Court cannot say that identifying [REDACTED] is irrelevant for discovery purposes.  Nurix argues that it is burdensome but was unable to quantify that burden in a meaningful way.

<u>Course of Conduct Evidence.</u>  The Court **GRANTS** HotSpot's motion to compel.  HotSpot has demonstrated that Nurix's activities in [REDACTED] are sufficiently relevant to the parties' course of conduct to justify discovery.

<u>DEL-related Trade Secrets.</u>  As discussed at the hearing, the briefing on this issue was too truncated for the Court to properly understand the dispute.  The Court **ORDERS** the parties to file a joint discovery letter brief on this issue no later than September 22, 2023.

<u>Damages.</u>  The Court **GRANTS** HotSpot's motion to compel and **ORDERS** Nurix to

amend its response to interrogatory 17 to include a computation of damages for each theory of damages it asserts.

**IT IS SO ORDERED.**

Dated:  September 15, 2023

_____
THOMAS S. HIXSON
United States Magistrate Judge

2