UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOTSPOT THERAPEUTICS, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>NURIX THERAPEUTICS, INC.,<br><br>          Defendant. | Case No. 22-cv-04109-TSH<br><br>**PUBLIC VERSION OF DISCOVERY ORDER AT ECF NO. 136**<br><br>Re: Dkt. Nos. 126, 129 |

The parties have raised two discovery disputes, which the Court addresses in this order.

**A.     Nurix Motion to Compel (ECF No. 126)**

Nurix moves to compel HotSpot to use the following search term: *(DEL or "DNA Encoded Library" or "DNA-Encoded Library)*. The Court **DENIES** the motion. The stipulated ESI order (ECF No. 111) states that "[t]he search terms shall be narrowly tailored to particular issues. Indiscriminate terms . . . shall be combined with narrowing search criteria that sufficiently reduce the risk of overinclusion." In the context of this case, "DEL" is an indiscriminate term because it is a reference to an entire field within the drug discovery industry. This search term is not narrowly tailored to particular issues, as the stipulated ESI order requires.

**B.     HotSpot Motion to Compel (ECF No. 129)**

HotSpot moves to compel Nurix to produce documents and information about its entire CBL-B program. The idea is that Nurix claims that HotSpot must have used Nurix's DEL-related trade secrets to develop HotSpot's CBL-B candidate because HotSpot otherwise lacked expertise in CBL-B drug discovery such that it was unlikely that HotSpot could have independently attained its CBL-B hit without using Nurix's trade secrets. HotSpot wants to take discovery into Nurix's development of CBL-B drugs, which discovery HotSpot believes will show that Nurix's lead

CBL-B inhibitor did not originate from DELs. This evidence, HotSpot believes, will undermine Nurix's alleged argument that using DELs is the only way to develop CBL-B drugs.

But Nurix isn't making that argument. Nurix isn't claiming that it is impossible to derive a CBL-B candidate without using DELs or without using Nurix's DEL-related trade secrets. Rather, Nurix alleges that HotSpot's lack of expertise in CBL-B drug discovery made it unlikely that HotSpot did this without using Nurix's trade secrets. Broad discovery into Nurix's CBL-B programs won't shed any light on that issue.

HotSpot alternatively argues that discovery on whether CBL-B inhibitors can be independently derived without regard to Nurix's alleged trade secrets may be relevant to damages. However, that thin reed does not justify the broad discovery HotSpot desires to take.

This discovery is not proportional to the needs of the case, and HotSpot's motion to compel is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 13, 2023

THOMAS S. HIXSON
United States Magistrate Judge