UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOTSPOT THERAPEUTICS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>NURIX THERAPEUTICS, INC.,<br><br>    Defendant. | Case No. 22-cv-04109-TSH<br><br>**PUBLIC VERSION OF DISCOVERY ORDER AT ECF NO. 153**<br><br>Re: Dkt. Nos. 139, 141, 142 |

The parties have raised three discovery disputes: HotSpot's responses to Nurix's requests for production ("RFPs"), Nurix's response to HotSpot's interrogatory ("rog") 16, and Nurix's response to HotSpot's rog 22. The Court held a hearing on November 30, 2023, and now issues this order.

**A.  Nurix's RFPs**

As discussed at the hearing, the Court orders the parties to file a new joint discovery letter brief, not to exceed eight pages (plus exhibits) by December 6, 2023, concerning the RFPs.

**B.  Nurix's Response to Rog 16**

Rog 16 asks Nurix to "IDENTIFY (by name and Bates number) all 'Library synthesis documentation' and 'data files associated with a DEL that correlate the chemical structure in such DEL to such structure's identify DNA sequence' generated, transmitted, or otherwise created and exchanged during the term of the AGREEMENT."

In ECF No. 121, the Court granted HotSpot's motion to compel and ordered Nurix to answer this rog. However, Nurix's amended answer violates the Court's order because Nurix has still not answered the rog. Nurix's argument that HotSpot did not define its terms properly or specify that they are to be interpreted as used in the agreement lacks merit. HotSpot put quotation marks around the terms and referred to the agreement in the rog. It is obvious that HotSpot was

asking about those terms as used in the agreement. Nurix tries to turn the rog around by identifying what it thinks is the Technology that HotSpot would need to use the project DELs consistent with section 3.4 of the agreement. But that's not what rog 16 asks for. It asks Nurix to identify the items that fall within part (a) of the definition of Technology. Nurix tries to create a false dichotomy by arguing that either rog 16 asks for what Nurix thinks is the Technology that HotSpot would need to use the project DELs consistent with section 3.4 of the agreement, or the rog is not tethered to the agreement. But both of those options are wrong. Nurix also argues that to the extent rog 16 is broadly interpreted to be asking for all documentation related in any way to the building of DELs in the Nurix-Macroceutics collaboration, it is unduly burdensome and seeks irrelevant information. But rog 16 does not ask for that either. In the Court's view, a sufficient response to rog 16 could take the form: "The Library synthesis documentation and data files associated with a DEL that correlate the chemical structure in such DEL to such structure's identifying DNA sequence that were generated, transmitted, or otherwise created and exchanged during the term of the agreement are the following:" followed by a list.

HotSpot's motion to compel is again **GRANTED**, and the Court **ORDERS** Nurix to answer rog 16.

**C.    Nurix's Response to Rog 22**

Rog 22 asks Nurix: "For each alleged trade secret that YOU identified in YOUR 2019.210 DISCLOSURE, IDENTIFY with specificity the facts and circumstances under which YOU contend that MACROCEUTICS AND/OR HOTSPOT misappropriated each and every alleged trade secret, including all DOCUMENTS and/or COMMUNICATIONS which evidence such misappropriation."

HotSpot argues that this rog goes to the heart of Nurix's case, namely whether HotSpot actually used any of Nurix's alleged trade secrets. Nurix does not seem to deny this, but argues that the rog is premature because it seeks details at a level that is more appropriate for expert discovery. Nurix also says that the rog is overly burdensome in its request for the identification of all documents and communications that evidence such misappropriation. The Court agrees with Nurix that rog 22 is overly burdensome in requesting all documents and communications that

2

evidence misappropriation.

However, Nurix cannot save its entire trade secret misappropriation case for expert discovery.  To satisfy Rule 11, Nurix had to have some basis for thinking that HotSpot misappropriated the trade secrets at issue when Nurix filed its counterclaims.  Also, we are less than a month from the close of fact discovery, and the Court does not believe that Nurix has no information about how it thinks its trade secrets have been misappropriated.  Nurix must tell HotSpot what it currently knows about how HotSpot misappropriated each of the trade secrets at issue.  Nurix says that it has done this, but the Court disagrees.  Rog 22 asks Nurix to describe the facts and circumstances associated with the misappropriation "for each trade secret."  Nurix's current rog response does not provide any trade secret-specific information about misappropriation.  Nurix must specify its current understanding of how HotSpot has misappropriated each trade secret.  HotSpot needs to be able to tell, on a trade secret by trade secret basis, what it is accused of doing.  It may be that Nurix's answers are the same or very similar for multiple trade secrets.  But the rog response does need to say "this is how HotSpot misappropriated trade secret #1, and this is how it misappropriated trade secret #2," and so on.  To Nurix's point that much of this information is likely to be covered in more detail in expert reports, nothing prevents Nurix from amending its rog response after it serves expert reports, though the Court expresses no view on whether that is even necessary, given that the supplementation obligation under Rule 26(e) seems to kick in only "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," Fed. R. Civ. Proc. 26(e)(1)(A).

Accordingly, the Court **GRANTS** HotSpot's motion to compel **IN PART** and **ORDERS** Nurix to answer rog 22 to the best of its current ability, except that Nurix need not identify all the documents and communications that evidence the alleged misappropriation.

**IT IS SO ORDERED.**

Dated: December 1, 2023

THOMAS S. HIXSON
United States Magistrate Judge

3