UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOTSPOT THERAPEUTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NURIX THERAPEUTICS, INC.,<br><br>Defendant. | Case No. 22-cv-04109-TSH<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 163 |

In ECF No. 163, Nurix has demonstrated good cause under Rule 16 to extend the close of fact discovery. Accordingly, the Court **ORDERS** that the fact discovery cutoff shall be extended to January 31, 2024.

As for the Slack documents, Nurix says it has not had the opportunity to completely analyze them but its preliminary review indicates there are holes in it. Nurix does not describe what those holes are. Nurix requests an order compelling production of Slack communications that hit on ESI search terms, but that request implicitly treats Slack like a custodial source of data under the ESI Order (ECF No. 111), but Nurix neither argues nor demonstrates that this is true. Nurix has not yet demonstrated that it is entitled to relief on HotSpot's Slack production, but maybe Nurix will be able to make that showing later. Accordingly, the Court **DENIES** Nurix's motion to compel the Slack documents without prejudice.

As for the compound registration, Nurix says in a footnote that it is responsive to RFPs 6, 8, 14, 16, 19 and 20 with no explanation. HotSpot disagrees and argues that the registration is not responsive to any of those RFPs. The Court has reviewed the RFPs, and on its own and without any explanation by Nurix, the Court is not able to see that the compound registration is responsive to any of them. Accordingly, the Court **DENIES** Nurix's motion to compel the compound

1  registration without prejudice.

2  **IT IS SO ORDERED.**

4  Dated: December 29, 2023

_____
THOMAS S. HIXSON
United States Magistrate Judge