UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOTSPOT THERAPEUTICS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NURIX THERAPEUTICS, INC.,<br><br>　　　　Defendant. | Case No. 22-cv-04109-TSH<br><br>**ORDER RE CASE SCHEDULE**<br>Re: Dkt. No. 175 |

　　　Let's go back to ECF No. 163 and retrace how we got here. Nurix made three arguments in support of extending the fact discovery cutoff. First, Nurix moved to compel the production of Slack records and a compound registration, and argued that there would need to be additional depositions about those items when they were produced. Second, Nurix argued that HotSpot had produced a lot of documents at the last minute, and there was a metadata issue with the source code that needed to be remedied. Nurix argued: "HotSpot also produced 1000s of pages of documents less than a day before a deposition to which they were relevant, without sufficient time for Nurix to analyze them. HotSpot has failed to produce its source code with preserved metadata, including the dates on which the accused code was written, which goes to the heart of HotSpot's claimed defense on this dispute. In meet and confer, HotSpot has agreed to remedy this metadata issue, but has not indicated when." ECF No. 163. Nurix explained that "[f]act discovery closes on December 22 and depositions affected by this dispute are scheduled for Dec. 20 and 21." *Id*. It appeared that there were two such depositions. *Id*. ("There are two depositions of HotSpot witnesses scheduled for December 20 and 21 . . ."). Third, Nurix argued that its pending motion to compel on damages-related discovery necessitated an extension of the fact discovery cutoff.

　　　The Court denied the motion to compel without prejudice concerning the Slack records and

compound registration and extended the fact discovery cutoff to January 31, 2024. Accordingly, the Court thought there were two depositions that were affected by the late-produced documents and the metadata issue, plus whatever the fallout would be from the order on the damages-related motion to compel, which the Court largely granted on January 8, 2024. ECF No. 173. And, of course, there were the intervening holidays.

Nurix now seeks a 40-day extension on the deadline for opening expert reports and all other dates in the case. HotSpot is willing to agree to modify deadlines for damages-related expert discovery but otherwise opposes the request to alter the case schedule. The Court agrees with HotSpot.

The Court's January 8 discovery order constitutes good cause to extend the deadline to serve opening damages reports to March 15, 2024, rebuttal reports on damages to May 3, 2024, and the close of expert discovery on damages to May 17, 2024, and the Court now **SO ORDERS**. But aside from the damages-related discovery, the extension of the fact discovery cutoff accommodated two depositions, the need to analyze documents and metadata in connection with them, and the challenges of doing this during the holidays. Yes, technically it was a 40-day extension of the fact discovery cutoff, but you don't count litigants' availability between December 22 and January 31 the same way you do during other times of the year. Normally, the need to review some documents to take a couple of depositions could justify an extension of the fact discovery cutoff by a week or two, but only Scrooge would extend the fact discovery cutoff from December 22 to December 29 or January 5. Aside from damages-related discovery, this was a small change in the case schedule to accommodate two depositions and the holidays. It does not justify moving *every* deadline in the case by 40 days. Nurix offers a very general argument that expert discovery should follow fact discovery but does not try to link these two depositions to any particular expert or expert report. Nurix vaguely refers to "inventory information" that it says it can't find in HotSpot's document production but does not say where or when it served a discovery request asking for that information, leaving the Court unable to see why that argument provides good cause to modify the case schedule.

The Court also agrees with HotSpot that the discovery requests Nurix served on New

Year's Day are boot-strapping, namely, using late-served discovery to ask for an extension of the case schedule.  Further, while the parties submitted a joint discovery letter brief on January 19, 2024 concerning Slack records and the compound registry, the Court has not yet determined whether HotSpot should be ordered to produce those additional materials.  If the Court does compel production, it will also have to decide if Nurix served the discovery requests at issue and moved to compel in a timely fashion such that the grant of a motion to compel justifies alteration of the case schedule.  It is not true that if you serve a discovery request at the last possible moment and then win a motion to compel you automatically get an extension of the case schedule.  In any event, if future discovery orders provide an appropriate basis to make further alterations to the case schedule, the Court is willing to do so, but as of yet, Nurix has not shown that any change to the existing deadlines (other than concerning damages expert discovery) is warranted.  Accordingly, other than the above-ordered changes to damages expert deadlines, Nurix's motion to modify the case schedule is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 22, 2024

THOMAS S. HIXSON
United States Magistrate Judge

3