UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOTSPOT THERAPEUTICS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>NURIX THERAPEUTICS, INC.,<br><br>    Defendant. | Case No. 22-cv-04109-TSH<br><br>**PUBLIC VERSION OF DISCOVERY ORDER AT ECF NO. 173**<br><br>Re: Dkt. No. 157 |

Nurix moves to compel concerning certain requests for production ("RFPs") and Rule 30(b)(6) deposition topics. ECF No. 157. The Court held a hearing on January 8, 2024, and now issues this order.

**A.    Which RFPs Did Nurix Properly Move On?**

For the RFPs, Nurix has a chart that lists a number of RFPs and then a column entitled "status of HotSpot Production." This chart does not contain any arguments concerning the relevance of the requested materials, and the Court is of the view that a moving party should explain why the relief it is seeking ought to be granted. Merely gesturing at a long list of RFPs is unfair to the opposing party, which has no specific argument to respond to. Accordingly, the Court does not consider the mere listing of an RFP in this chart to constitute a satisfactory argument for why a motion to compel should be granted as to that RFP.

**B.    The Six Categories of RFPs**

In addition, Nurix moves on six categories of RFPs. For each category, Nurix presents arguments for why its motion should be granted, and each category cites specific RFPs. The Court believes Nurix has properly moved to compel on all but one of the RFPs mentioned in the six categories.

Categories 1, 2 and 6 (RFPs 7, 34, 53, 12, 40, 13). The Court **GRANTS** Nurix's motion to compel as to these RFPs. It is important to understand that at this stage in the litigation, the Court is not determining the validity of Nurix's damages theories. If those theories satisfy the relevant standards under *Daubert*, a jury will decide if they have merit or not. Generally speaking, Nurix is trying to attach a large part of HotSpot's value (and the value of the Macroceutics acquisition) to the trade secrets at issue. Naturally, HotSpot thinks that is not accurate. This is likely to be a highly disputed issue at trial, and the jury will have to decide who is right. The broad financial discovery Nurix seeks to take is relevant and proportional to its likely damages theories.

Category 3 (RFPs 36, 57). The Court also **GRANTS** Nurix's motion to compel as to these RFPs. HotSpot is right that Nurix's summary of these RFPs in the joint discovery letter brief does not exactly capture what they ask for. But what they ask for is relevant and proportional to Nurix's likely damages theories, and so the Court enforces them as written. HotSpot suggests that it may not have any responsive documents, but the Court observes that HotSpot's responses to RFPs 36 and 57 do not mirror the full scope of the requests. Regardless, nothing in this order requires HotSpot to produce things it doesn't have.

Category 4 (RFPs 39, 48, 59). The Court **GRANTS** Nurix's motion to compel the production of non-custodial documents that are responsive to these RFPs. HotSpot says it has produced non-custodial documents that are responsive to RFP 51, but that RFP is not exactly the same as the RFPs that Nurix moves on.

Category 5 (RFPs 36, 41, 6). The Court **GRANTS** Nurix's motion to compel as to RFPs 36 and 41 because they are relevant and proportional to Nurix's likely damages theories. The Court **DENIES** Nurix's motion to compel as to RFP 6 because it was not included with the joint discovery letter brief and therefore the Court does not know what it asked for.

C. **Rule 30(b)(6) Topics**

The Court **GRANTS** Nurix's motion to compel as to Rule 30(b)(6) topics 53-58 and 60 because those topics are relevant and proportional to Nurix's likely damages theories. For topics 53 and 58, HotSpot previews that for portions of those topics, the witness might say "we didn't do that." If so, Nurix is still entitled to sworn testimony to that effect by a prepared witness. For

1  topics 54-57 and 60, the Court expects the witness or witnesses to be well prepared, but also
2  expects Nurix to understand the level of detail that even a very well prepared witness can
3  reasonably be expected to remember.  The Court does not expect, for example, that a 30(b)(6)
4  witness could simply rattle off HotSpot's revenues, costs, profits or losses, year-by-year and
5  quarter-by-quarter, since it was founded (topic 54).  The Court does expect that a prepared witness
6  could authenticate financial documents and explain them, and – independent of documents –
7  would have at least a high-level understanding of these topics.  HotSpot objects that some of these
8  topics seek information about top line financials that are attributable to its DEL program.
9  However, there is nothing wrong with Nurix asking for that information as part of fact discovery,
10 even if HotSpot may also have an expert witness on that subject; companies know something
11 about what programs drive their financials.  The Court **DENIES** Nurix's motion to compel as to
12 topics 63 and 65 because they are contention topics that improperly ask a fact witness for legal
13 conclusions.  *See Zeleny v. Newsom*, 2020 WL 3057467, *2 (N.D. Cal. June 9, 2020) ("a 30(b)(6)
14 deposition is not an appropriate vehicle for taking discovery into legal contentions.").

**D.      Conclusion**

Nurix's motion to compel is granted in part and denied in part as stated above.  From the discussion at the hearing, it seems likely that the parties may have an evidentiary dispute concerning whether a particular HotSpot collaboration falls within the scope of certain of the RFPs addressed above.  If so, the parties should file a joint discovery letter brief, together with relevant evidence, to enable the Court to resolve that dispute.

**IT IS SO ORDERED.**

Dated: January 8, 2024

THOMAS S. HIXSON
United States Magistrate Judge