UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOTSPOT THERAPEUTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NURIX THERAPEUTICS, INC.,<br><br>Defendant. | Case No. 22-cv-04109-TSH<br><br>**PUBLIC VERSION OF DISCOVERY ORDER AT ECF NO. 201**<br><br>Re: Dkt. No. 194 |

We are here on HotSpot's motion to compel concerning its Rule 30(b)(6) deposition notice on topics 3, 4, 15, 16 and 17.

Topic 3 is "[t]he economic value NURIX contends is derived from the alleged trade secrets identified in NURIX's TRADE SECRET DISCLOSURE, and the methodology and factual basis for such value." The person designated on this topic "must testify about information known or reasonably available to the organization." Fed. R. Civ. Proc. 30(b)(6). Nurix argues that outside of this litigation, it does not track the economic value of its trade secrets that HotSpot allegedly misappropriated. Nurix says that analysis is done for the lawsuit and will be disclosed in expert discovery.

If that is true, then the Nurix designee on this topic should be expected to testify that he doesn't know what the value of the alleged trade secrets is or the methodology and factual basis for such value. And in the relevant portion of his deposition, Hans van Houte said that again and again and again. ECF No. 193-4 at 34-57. That testimony would reflect a lack of preparation if Nurix actually did have some internal understanding of the value of its alleged trade secrets, and a methodology and factual basis for it, and Houte simply didn't know what it was, but neither side even breathes that suggestion. HotSpot got what it was entitled to in this deposition: factual

testimony that makes clear Nurix's damages theories were developed entirely by its retained expert for litigation.

Topic 4 is "[t]he steps NURIX has taken to maintain the secrecy of the alleged trade secrets identified in NURIX's TRADE SECRET DISCLOSURE, including the facts and circumstances surrounding NURIX's disclosure of any alleged trade secrets to MACROCEUTICS, HOTSPOT, or any third party." Unlike with topic 3, it is not possible for a well prepared witness to have no knowledge of this subject because Nurix either does or does not maintain secrecy of the alleged trade secrets, and either did or did not disclose any of them to Macroceutics, HotSpot, or any third party. Yet on pages 57 to 59 of his deposition, Houte claimed to have no knowledge on any aspect of this topic, despite acknowledging that he was the designee. ECF No. 193-4 at 57-59. This reflects a wholesale lack of preparation. HotSpot was not obligated to phrase its questions in terms of how Nurix maintains confidentiality as a general matter, as Nurix did on redirect. *Id*. at 119-23. The topic was trade secrets. If Nurix safeguards its trade secrets the same way it does its other confidential materials, then in response to a question about trade secrets, the designee should say that and then specify what those methods are. Nor, on the subject of disclosures, is a well prepared witness allowed to confine his testimony to whether confidential materials were disclosed while maintaining ignorance on whether trade secrets were included. Again, the topic is trade secrets.

Topic 15 is "[t]he facts and circumstances leading up to the NURIX-MACROCEUTICS COLLABORATION, including but not limited to the decision to pursue a relationship with MACROCEUTICS." Topic 16 is "[t]he negotiation and drafting of the Collaboration and Materials Transfer Agreement between NURIX and MACROCEUTICS, dated September 17, 2015, including any term sheets and drafts exchanged between the parties concerning that agreement." Topic 17 is "[t]he facts and circumstances concerning the Amendment to the Collaboration and Materials Transfer Agreement, dated December, 2015."

These are broadly stated topics, and the Court would expect the questioning attorney to use documents to ask questions about details. The Court would also not be surprised if there were aspects of these topics a well prepared witness would be unable to answer, even with documents,

considering how potentially broad these topics are. On the other hand, the witness's ignorance on these topics was unacceptable. ECF No. 193-4 at 63-68. As one example, the witness disclaimed knowing anything about topic 17. *Id*. at 68:17-20 ("Q. And what were the facts and circumstances that led to the December 15 amendment of the collaboration agreement? A. I don't remember."). Nurix needs to put up a better 30(b)(6) witness than this.

HotSpot's motion to compel a further deposition is **DENIED** as to topic 3 and **GRANTED** as to topics 4, 15, 16 and 17.

**IT IS SO ORDERED.**

Dated: February 13, 2024

THOMAS S. HIXSON
United States Magistrate Judge